878 F.2d 1447
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LE-GALS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1617.
 United States Court of Appeals, Federal Circuit.
 June 26, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Le-Gals, Inc. appeals from the decision of the National Aeronautics and Space Administration Board of Contract Appeals (Board), NASA BCA No. 1285-15, 88-2 BCA p 20,703, denying its claims for increased compensation or, alternatively, damages for breach of its clerical services contract at NASA's Lewis Research Center. We affirm.
 
 
 2
 The Board found that Le-Gals "included the costs of the Amendment No. 1 staffing breakdown in its bid ... to ensure that the costs of deploying the personnel in the staffing breakdown in Amendment No. 1 would be covered." This finding, unchallenged here, fully supports the Board's conclusion that Le-Gals "agreed with the Government to provide a specified staffing breakdown and, when held to pay the cost of that bargain, is without a right to complain." Consequently, the denial of Le-Gals' claim for increased compensation must be sustained. See 41 U.S.C. Sec. 609(b) (1982); Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984).
 
 
 3
 In addition, the Board did not err in denying Le-Gals' breach of contract claim. As stated by the Board, the "Contracting Officer was required to refer [possible violations of the Service Contract Act, 41 U.S.C. Sec. 351 et seq. (1982) ] to [the Department of Labor] for investigation (NASA PR 12.1005-10)." We are unpersuaded that the Contracting Officer's fulfillment of his duty under the law and regulations breached the contract or in any way impeded Le-Gals' ability to perform under the contract.